(No. 5575. Decided July 20, 1905.)

JAMES CUSKER, *Appellant,* v. R. J. BERRYMAN, *Respondent.*[1]

ELECTIONS—CONTEST—TIME FOR TAKING—DECLARING RESULT. The time for instituting an election contest, under Bal. Code, §§ 1410, 1430, does not commence to run until the county auditor has certified to the election returns and issued a notice of election.

Appeal from an order of the superior court for Walla Walla county, Brents, J., entered December 16, 1904, dismissing an election contest, upon sustaining defendant's motion to quash the proceedings. Reversed.

*T. P. Gose* and *Francis A. Garrecht,* for appellant.

*John L. Sharpstein* and *Lester S. Wilson,* for respondent.

RUDKIN, J.—This is an appeal from an order dismissing an election contest for the reason that the same was not instituted within the time limited by law. This branch of the case was heard upon an agreed statement, from which the following facts appear: On the 16th day of November, 1904, after the election returns were received from each and every precinct of Walla Walla county, the chairman of the board of county commissioners, the prosecuting attorney, and the county auditor met and organized as a canvassing board, for the purpose of canvassing the votes cast in the several precincts of the county. On that day the total of the votes cast in each precinct for each candidate was ascertained and determined, and entered in a schedule prepared for that purpose. But the grand total of all votes cast for the different candidates, in all the precincts of the county, was not footed up or ascertained. The canvassing board thereupon directed one J. W. McGhee, a deputy county auditor, to compute the total number of votes cast for each candidate, in all the precincts, on an adding machine, and adjourned. On the 19th day of

[1] Reported in 81 Pac. 686.

November, 1904, McGhee completed the work assigned him, and ascertained the total vote of each candidate in the county, from which it appeared that the appellant received a total of 1,864 votes for the office of county assessor, and the respondent a total of 1,958 votes for the same office.

No further action was taken by the board of canvassers, except that on the 21st day of November, 1904, the prosecuting attorney and the county auditor compared the totals of the votes, as ascertained and entered in said schedule by McGhee, with two other facsimiles of such schedule, and found the same to be accurate. On the same day the county auditor attached his certificate to such schedule and the two facsimiles, to the effect that the same contained a correct copy of the abstract of the votes polled in Walla Walla county at the general election, and thereupon issued to respondent a notice of election, notifying him that he had received the highest number of votes cast for the office of county assessor. No official record was kept of the proceedings of the canvassing board, and no statement of the count or canvass was drawn up or signed by the canvassing board, or any member thereof. The statement of contest was filed on December 1, 1904.

The provisions of the statute bearing upon the question under consideration are the following: Bal. Code, § 1407, provides that, on the 10th day after the election, or as soon as the returns are in from the several precincts, the county auditor shall notify two county officers to be present at his office on a day named, for the purpose of canvassing the votes; that the county auditor shall take the oath therein prescribed, "and then the said auditor, with the assistance of two county officers aforesaid, shall proceed to count the votes of said county or precincts, a statement of which shall be drawn up and signed by them." Section 1408 designates the chairman of the board of county commissioners and the prosecuting attorney as the two officers to be notified, and declares that said officers, together with the county

auditor, shall constitute the county canvassing board of election returns. Section 1410 provides that the person having the highest number of votes given for each office to be filled by the voters of a single county, or of a precinct, shall be declared duly elected, and the county auditor shall immediately notify him of his election, and make out and deliver to him a certificate of election on application therefor. Section 1430 provides that,

"When any such elector shall choose to contest the right of any person declared duly elected to such office, he shall, within ten days after such person shall have been declared ·duly elected to such office, file with the clerk of the superior court of the county a written statement, setting forth," etc.

The election statutes are inharmonious. This results principally from the fact that they have been amended from time to time by changing the names of officers, and by adding new officers, without making any corresponding change in other parts of the statutes. For example, section 6 of chapter 7 of the act of January 22, 1866, provides that the county auditor, within ten days after the election, or as soon as the election returns are in,

"Shall proceed to estimate the vote of the county or precinct, a statement of which shall be drawn up and signed by him. The statement shall contain the names of the persons voted for; the office to fill which each person was voted for; the number of votes given at each ·precinct to each of such persons, and the number of votes given to each in the county; and the same shall be filed, together with the returns from each precinct, in the office of the county auditor."

Section 7 of chapter 7 of the same act is identical with Bal. Code, § 1410. Section 6 of chapter 8 of the same act is identical with Bal. Code, § 1430, except that under the former the statement of contest was filed with the county auditor instead of the clerk of the superior court. The ten days within which a contest must be instituted commences to run when the contestee is duly declared elected

to the office, but the statute does not provide for a formal declaration of the result of the election, nor by whom such declaration shall be made. Under the original act of 1866, we have no doubt that the result of the election was formally declared when the county auditor prepared and signed the written statement provided for in § 6 of chap. 7, *supra,* and filed the same, together with the election returns, in his office, thereby making the result of the canvass a matter of public record. We think the same is true under Bal. Code, § 1407. The latter section does not in terms provide that the statement shall be filed in the auditor's office; but, inasmuch as that officer is the custodian of the election returns, it should be so filed. The time allowed by law for the institution of a contest is very short at best, and a contestant is entitled to rely on the record for his guidance. He should not be required to look beyond the record, nor to the progress made by a deputy auditor in footing up the election returns. No formal statement of the canvass was drawn up or signed in this case, but the appellant had a right to presume that the canvassing board would comply with the statute, and this presumption would continue until the canvassing board or the county auditor took some action inconsistent therewith, indicating that the result of the election had been declared and their labors completed. There was nothing of record to show that the result of the election in question had been declared, or that the canvassing board did not intend to comply with the requirements of the statute, until the county auditor certified to the election returns and issued a notice of election to the respondent, on November 21; and the time for instituting a contest did not commence to run until then.

In our opinion, the contest was instituted within time; and the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Mount, C. J., Root, Crow, Fullerton, Hadley, and Dunbar, JJ., concur.